IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-241-GCM

| | |
|---|---|
| JACKALIN S. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLINAS HEALTHCARE SYSTEM, ) | |
| SUSANNE THOMASON, ANGELA ) | |
| HUMPHREY, SHERRY LAURENT, ) | |
| HELEN MOORE, KEVIN V. PARSONS ) | |
| ) | |
| Defendant ) | |
| ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. The *pro se* Plaintiff responded to Defendants' motion on June 1, 2012, and Defendants filed a reply brief thereafter. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

BACKGROUND

In May 2010, Plaintiff Jackalin Williams ("Williams") sued her former employer, Carolina HealthCare System ("CHS"), as well as three former co-workers: Susanne Thomason, Shelly Laurent, and Angela Humphrey, for employment discrimination under Title VII. This Court dismissed Plaintiff's claims against her former coworkers and granted summary judgment for CHS. On appeal, the Fourth Circuit affirmed this Court's decision in that case.

In the instant dispute, Plaintiff has sued CHS, CHS employees: Susanne Thomason, Shelly Laurent, Angela Humphrey and Helen Moore, as well as their attorney in the prior action, Kevin Parsons (collectively "Defendants"). In essence, Plaintiff alleges that Defendants

1

prevented her from reading and signing her deposition transcript. Also, Plaintiff alleges that Mr. Parsons removed several lines of testimony from the transcript in which he allegedly accused her of being a "racist." (Compl., p.7). Plaintiff claims that these actions violated her "civil rights" in contravention of 42 U.S.C. §§ 1983 and 1985. Plaintiff seeks twenty million dollars for "emotional pain and suffering, intentional emotional distress, [and] undue psychological distress." (Compl., p. 8).

In the Complaint, Plaintiff alleges that "[a]t the end of the deposition on October 1st, 2010, Ms. Lowe, the court reporter stopped typing (but the recorder kept recording), and she picked up some papers and a pen in each hand. [Next, Ms. Lowe] presented the papers to [Plaintiff] showing [Plaintiff] where to sign. Before [Plaintiff] could even take [the papers] from [Ms. Lowes's] hands, Mr. Parsons stated no." (Compl. p. 6). Then, Mr. Parsons advised Plaintiff of her right to review and make corrections to the deposition transcript. (Compl. p. 6, Ex. G). On this basis, Plaintiff concludes that Mr. Parsons "prevented [her] from signing the statements [given] during the deposition when the court reporter attempted to get [her] to sign [her deposition]." (Compl., p. 2). Plaintiff alleges that "Mr. Parsons intentionally misinformed the court [that she] fabricated the story [about not being allowed to sign the deposition transcript]." (Compl., p. 4).

Moreover, Plaintiff states that CHS, Ms. Thomason, and Ms. Moore knew what happened at the deposition, but allowed the transcript to be used for Defendants' benefit. (Compl., pp. 2- 4). Plaintiff notes that while Ms. Humphrey and Ms. Laurent were not present at Plaintiff's deposition, they "should have been aware of what [their] legal counsel was doing" and should have come forward to tell the truth about what happened at the deposition. (Compl., pp. 3-4).

Plaintiff concedes that she "informed the court [in the prior action] that Mr. Parsons had prevented [her] from signing for the statements [given by her] during the deposition." (Compl., p. 2). Finally, Plaintiff alleges that "the deposition was typed[1] as if Mr. Parson's remark ["[y]ou're the one who's racist"] towards [her] was never made." (Compl., p. 6).

For reasons stated below, Plaintiff's allegations fail to state a claim upon which the court may grant relief.

STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). A complaint, therefore, must allege each necessary element of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562, 1969 (2007). Determining whether a complaint meets this standard follows a "two-pronged approach." *Iqbal*, 556 U.S. at 679.

First, the court begins by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Moreover, a court should not assume the truth of "bald allegations" or legal conclusions. *Id.* at 678-681 (discussing that the Federal Rules of Civil Procedure "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Once the court eliminates conclusory pleadings, the court determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679. The

---

[1] Plaintiff did not sue the court reporter. Plaintiff states in her Complaint that she respects the reporters' "confidence in her work" and is not questioning her character. (Compl., p. 6).

allegations must suffice to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[T]o survive a motion to dismiss, the complaint 'must state a plausible claim for relief' that 'permits the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

Generally, courts hold *pro se* pleadings to a "less stringent standard than formal pleadings drafted by lawyers." *Haines v.* Kerner, 404 U.S. 519, 520 (1972). Nevertheless, a *pro se* plaintiff must "still do more than a 'formulaic recitation of the elements of a cause of action.'" *McCaskey v. Henry*, 2012 U.S. Dist. LEXIS 46627 (W.D.N.C. Apr. 3, 2012) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I. 42 U.S.C. § 1983 Claim

To establish a Section 1983 claim, a plaintiff must allege facts which establish that (i) she was "deprived of a right secured by the Constitution or laws of the United States" and (ii) "the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A plaintiff's failure to show deprivation of a right legally-cognizable under the Constitution or federal law subjects the claim to dismissal. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. The first step in any such claim is to identify the specific constitutional right allegedly infringed."); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (upholding the dismissal of plaintiffs' complaint where no allegation showing deprivation of a cognizable right under the Constitution

4

or federal law existed). Mere recitation of a legal conclusion fails to establish a claim for relief under Section 1983. *See Cockerham v. Stokes Cnty. Bd. of Educ.,* 302 F. Supp. 2d 490, 498–99 (M.D.N.C. 2004) (determining that the Plaintiff's "bare allegation" without sufficient facts failed to establish the deprivation of any cognizable legal right protected by Section 1983).

Generally, liability lies only against those personally involved in the alleged deprivation of the plaintiff's civil rights under Section 1983.[2] *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (refusing to impose Section 1983 liability on the basis of *respondeat superior*). Section 1983 does not create vicarious liability. *See id.*

Regarding the second prong, a party acts under color of state law where the party "exercise[s] power possessed by virtue of state law and made possible only because [the] wrongdoer is clothed with authority of state law." *Pruitt v. Pernell*, 360 F. Supp. 2d 738, 743-45 (E.D.N.C. 2005); *see Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (determining that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). The party sued under Section 1983 "must either be a state actor or have a sufficiently close relationship with state actors." *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). A "sufficiently close relationship with state actors" exists where the state "excercise[s] coercive power or . . . provide[s] such significant encouragement . . . that the choice must in law be deemed to be that of the State." *Id.* The color of state law prong "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)).

---

[2]The court must determine as a matter of law whether a party acted under color of state law. *Rodriguez v. Smithfield Packing Co., 338 F.3d 348, 354 (4th Cir. 2003).*

5

Here, Defendant argues for the dismissal of Plaintiff's Section 1983 claim because (i) Plaintiff failed to allege a deprivation of any cognizable legal right protected by Section 1983, (ii) allegations related to CHS, Ms. Thomason, Ms. Humphrey, Ms. Laurent, and Ms. Moore do not allege any conduct, and (iii) Plaintiff offered no facts that any Defendant acted under color of state law.

Plaintiff's Complaint includes no allegation regarding a denial of any right cognizable under either the Constitution or any laws of the United States. Instead of identifying any such right, Plaintiff recites only the legal conclusion that defendants deprived her of her "civil rights." (Compl., pp. 2, 3, 4, 7, 8). The gravamen of Plaintiff's claim consists of her mistaken beliefs that (i) the law entitled her to sign her deposition at the moment it ended, and (ii) Mr. Parsons' remark should have come to the Court's attention in the prior action.

First, Plaintiff's alleged right is not cognizable under Section 1983. The Rules of Civil Procedure only give a deponent the right, upon request, to read the transcript once prepared and where corrections exist, to sign a statement with those corrections. Fed. R. Civ. P. 30(e). The Rules do not require that a deponent sign her deposition and do not grant a deponent the right to exclude her deposition from evidence unless or until she signs it. Indeed, a deponent's failure to request the right to review and correct her deposition, or failure to comply with the procedure for doing so, waives her right to make corrections. *See E.I. du Pont de Nemours v. Kolan Industries Inc.*, 277 F.R.D. 286, 295 (E.D.Va. 2011).

Moreover, regardless of whether Plaintiff believes the law entitled her to sign her deposition, her pleadings make clear that no Defendant deprived her of a right to do so. In Plaintiff's Complaint and her response, Plaintiff attaches documents showing that CHS's attorney, Mr. Parsons, advised her of her right to review and correct her deposition under Rule

30. (Compl., Exs. "B2012" and "G2012" (Doc No. 1)); (Pl.'s Resp., Ex. "G2012" (Doc. No. 8-2)). Mr Parson simply stating "no" or calling her "racist" could not prevent Plaintiff from exercising her ability to request, review, correct and sign her deposition within the applicable time frame. Accordingly, no basis exists for Plaintiff's contention that she was not given an opportunity to read and sign her deposition.

In any event, Plaintiff fails to allege how not being allowed to "read and sign" her deposition deprived her of a right protected by Section 1983. As a result of allegedly not being allowed to sign her deposition, the only harm Plaintiff asserted is that: (i) she lost her "character as a reliable witness" (Pl.'s Resp., p 4); (ii) she was "made to look like a liar" with respect to "signing for statements given during [her] deposition" (Pl.'s Resp., p 4); (iii) the deposition did not reveal that Mr. Parsons "went so far as to call [her] 'a racist'" (Pl.'s Resp., p. 3); and (iv) the Court used the deposition in granting summary judgment. (Pl's. Resp., pp. 3-4).

Additionally, Plaintiff's Section 1983 claims against CHS, Ms. Thomason, Ms. Humphrey, Ms. Laurent, and Ms. Moore fail to allege that these specific Defendants engaged in any conduct whatsoever. These Defendants can not carry liability on the basis of *repondeat superior*. Plaintiff's attempt to hold Defendants other than Mr. Parsons liable solely because they either attended her deposition or Mr. Parsons represented them thus fails as a matter of law.

Regarding the second element of the Section 1983 claim, although not addressed in Defendant's Briefs, Plaintiff asserts that Defendants acted under color of state law. (Compl., p. 4). Plaintiff has alleged no facts against any Defendant except Mr. Parsons. Regarding Mr. Parsons, Plaintiff contends that he acted under color of state law because he is an attorney. Plaintiff offers no facts that Mr. Parsons acted as a state actor, on behalf of the state in any capacity, or in a role traditionally performed by the state. No facts allege that the State

encouraged Mr. Parsons or that the state exercised any coercive power over Mr. Parsons. The facts asserted in the Complaint demonstrate that Mr. Parsons acted as a private attorney, representing private parties. (Compl., 5). Accordingly, Plaintiff fails to produce sufficient facts that any Defendant acted under color of state law.

In sum, Plaintiff cannot state a claim under Section 1983 based on her mistaken belief as to the timing of when the law entitled her to read and sign her deposition. Also, Plaintiff's claim alleged only conduct against Mr. Parsons that would not deprive Plaintiff of a cognizable right protected by the constitution or federal law. Furthermore, Plaintiff offered no facts that any Defendant acted under color of state law. Therefore, Plaintiff's Section 1983 claim fails to state a claim upon which the Court may grant relief.

II. 42 U.S.C. § 1985 Claim

In order to state a claim under Section 1985, a plaintiff must allege "concrete facts" showing that defendants entered into a conspiracy which deprived the plaintiff of her civil rights. *Francis v. Giacomelli*, 588 F.3d 186, 196-97 (4th Cir. 2009).

Section 1985(1) prohibits conspiracies that prevent an individual holding office from discharging her official duties. 42 U.S.C. § 1985. Section 1985(2) forbids conspiracies using "force, intimidation, or threat" to deter a witness from testifying in court or obstructing justice with the aim of depriving a citizen of equal protection of the laws. 42 U.S.C. § 1985. Section 1985(3) enjoins conspiracies that deprive a plaintiff of her civil rights based on some "racial" or otherwise "class-based, invidiously discriminatory animus." 42 U.S.C. § 1985; *McHam v. N.C. Mut. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 42582, at *11 (M.D.N.C. June 11, 2007).

"All three subsections of Section 1985 require proof of a conspiracy." *Clark v. Russell*, 2012 U.S. Dist. LEXIS 22977 (M.D.N.C. Feb. 23, 2012). Courts reject "section 1985 claims

whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).

"The Fourth Circuit applies a 'relatively stringent standard for establishing section 1985 conspiracies.'" *Mbadiwe v. Union Mem. Reg'l Med. Ctr.*, 2005 U.S. Dist. LEXIS 31674, at * 7 (W.D.N.C. Nov. 28, 2005) (quoting *Simmons*, 47 F.3d at 1377 (4th Cir. 1995)). The Fourth Circuit has "rarely, if ever, found that a plaintiff has set forth sufficient facts to establish a section 1985 conspiracy." *Simmons*, 47 F.3d at 1377.

In order to allege a conspiracy, a party must show that two or more persons acted in concert to commit an unlawful act or to commit a lawful act by unlawful means. *See Simmons*, 47 F.3d at 1376; *Amadsu v. Christ Hosp.*, 514 F.3d 504, 506 (6th Cir. 2008) (discussing that the plaintiff's allegation that hospital, supervisors, and their attorney engaged in various "discovery abuses" in a prior discrimination lawsuit failed to state a cause of action under Section 1985 because the plaintiff offered "nothing more than the conclusory allegation that the defendants acted in concert"). Under the intracorporate conspiracy doctrine, "it is the general rule that acts of the agent are the acts of the corporation." *Mbadiwe*, 2005 U.S. Dist. LEXIS 31674, at *7 (quoting *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985)). "[S]ince a conspiracy requires two entities, logic dictates that it is impossible for a corporation to conspire with itself." *Mbadiwe*, 2005 U.S. Dist. LEXIS 31674, at *8 (quoting *Turner v. Randolph County*, 912 F. Supp. 182, 186 (M.D.N.C. 1995)).

Furthermore, a party must show an agreement or meeting of the minds between the parties to inflict a wrong or injury upon another that results in damage. *See Haddle v. Garrison*, 525 U.S. 121, 125-26 (1998); *Ballinger v. North Carolina Agricultural Extension Service*, 815 F.2d 1001, 1006-07 (4th Cir. 1987) (dismissing a Section 1985(3) claim alleging conspiracy,

because there was no direct or indirect proof of participation in any conspiracy by appellees). A claim under Section 1985 requires a plaintiff to show harm as a result of the alleged conspiracy "because if 'the conspiracy did [her] no harm . . . there is no tort, a principal as applicable to constitutional torts as to common law torts.'" *Simmons*, 2000 U.S. Dist. LEXIS 19444, at *12 (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995)).

Count II of Plaintiff's Complaint asserts a claim under Section 1985 for conspiracy to deprive Plaintiff of her civil rights. Plaintiff's Complaint does not reveal under which subsection of Section 1985 she brings her conspiracy claim. Plaintiff alleges no facts showing an agreement between the parties to deprive her of her civil rights or any act in furtherance of such an agreement (nor, as previously mentioned, any facts showing deprivation of her civil rights). With respect to all but one of the defendants, she does not allege any conduct at all.

Plaintiff concedes that CHS, Ms. Thomason, Ms. Humphrey, Ms. Laurent, and Ms. Moore acted merely as bystanders to alleged misconduct by Mr. Parsons. In her response, Plaintiff contends these Defendants should be liable for "sitting there" when she was deposed and "just [standing] there" when Mr. Parsons submitted her deposition in support of CHS's Motion for Summary Judgment. (Pl's Resp., pp. 3, 4, 5). She further complains that these Defendants "weren't even shocked by his behavior nor did they separate themselves" from him. (Pl's Resp., p. 3). Plaintiff alleges that CHS, Ms. Thomason, and Ms. Moore "knew" what happened at her deposition but allowed the transcript to be used for Defendants' benefit. (Compl., pp. 2- 4). She further alleges that Ms. Humphrey and Ms. Laurent, although not present at Plaintiff's deposition, "should have been aware of what [their] legal counsel was doing." (Compl., pp. 3-4). Simply put, Plaintiff alleges inactivity as the basis of guilt for these Defendants. Moreover, even if plaintiff pled facts showing an agreement between the parties

10

and acts in furtherance of that agreement, the intracorporate conspiracy doctrine would nonetheless bar her Section 1985 claim. Here, each of the individual Defendants either acted as an agent of CHS or CHS employed that person. Accordingly, the intracorporate conspiracy doctrine precludes the possibility of a conspiracy here.

Additionally, Plaintiff failed to allege any damage resulting from Defendants' actions. Plaintiff made no allegation that signing her deposition or the inclusion of Mr. Parsons' remark would have made any difference in her prior action.

In sum, Plaintiff alleges no facts that establish a conspiracy. Further, Defendants were incapable of conspiring with one another in the first place to harm or injure Plaintiff because the individual Defendants worked either as employees or agents of the same corporate entity (CHS). Accordingly, Plaintiff's Section 1985 claim fails to state a claim upon which the Court may grant relief.

## III. Collateral Estoppel

The doctrine of collateral estoppel bars a party from using a second lawsuit to relitigate issues the Court already decided against that party. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."). For this reason alone, Plaintiff's claims must fail.

Like her Complaint, Plaintiff's response rehashes the same procedural contentions raised and rejected in her previous action alleging employment discrimination. Plaintiff contends the Court should not have granted summary judgment for Defendants because (i) the deposition transcript did not include an alleged remark by Mr. Parsons calling her a "racist," and (ii) Plaintiff was allegedly denied the right to sign her deposition transcript. (Pl's Resp., pp. 2-5

(Doc. No. 8)). On the basis of these contentions, Plaintiff brings her claims under Sections 1983 and 1985.

Plaintiff admits that she raised these identical issues before this Court in her previous case. She even attached to her response documents from her previous action showing that she did so. (Pl's Resp., Exhibit "G2012" (Doc. No. 8-1); (Compl., p. 2)). She concedes that the Court granted summary judgment to CHS based on her deposition. (See Pl's Resp., pp. 2, 4, 5); Def's Mem. in Supp of Mot. to Dismiss, Ex. B, pp 5-7 (Doc. No. 7-2) In her previous case, this Court decided that Plaintiff's deposition was properly before it and that her allegations did not create a genuine issue of fact material to her discrimination claim. In fact, Plaintiff admits that she informed the Court of Mr. Parsons' remark but that the Court entered summary judgment anyway. (Compl., p. 2). Plaintiff cannot now claim that she was deprived of a chance to bring these issues to the Court's attention and therefore, her claims are barred by the doctrine of collateral estoppel.

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss is hereby **GRANTED. SO ORDERED.**

Signed: July 23, 2012

Graham C. Mullen
United States District Judge